1
2
3
4
5
6
7

O

8       UNITED STATES DISTRICT COURT
9       CENTRAL DISTRICT OF CALIFORNIA
10

11  KEITH L. NESBITT,                    )   Case No. EDCV 10-1123-CJC (DTB)
                                         )
12                  Plaintiff,           )
                                         )   ORDER DISMISSING COMPLAINT
13          vs.                          )   WITH LEAVE TO AMEND
                                         )
14  HOBART CO., et al.,                  )
                                         )
15                  Defendants.          )
                                         )
16  _____         )

17
18          Plaintiff, who currently is incarcerated at the Chuckawalla Valley State Prison,

19  in Blythe, California, filed a pro se Complaint herein pursuant to 42 U.S.C. § 1983 on

20  July 29, 2010, after being granted leave to proceed leave to proceed in forma

21  pauperis.[1]

22          As best the Court can glean from the allegations of the Complaint, plaintiff's

23  claims arise out of an incident which occurred on or around September 9, 2009.

24  Plaintiff claims that his rights under the Fourth and the Eight Amendments were

25  violated when, while engaged in his work assignment in the institution's kitchen, his

26  _____
27          [1]      This case originally was filed in the Southern District of California on
    December 28, 2005.  It then was transferred to the Central District of California,
28  pursuant to 28 U.S.C. § 1406(a).

1

1  hand and arm accidentally brushed up against the side of a heating oven, which caused
2  him to suffer second degree burns to his right forearm and the back of his right hand.
3  (Complaint at Exhibit p. 3.)  Plaintiff further claims that there were no safeguards to
4  prevent injury in the kitchen, and that there are hazardous chemicals stored in the
5  kitchen.  (Complaint at 5.)  In the jurisdictional section of the Complaint, plaintiff
6  names one defendant: Hobart Co., a state vendor/contractor, which allegedly provides
7  equipment to the institution.  Plaintiff sues Hobart in both its individual and official
8  capacity.  By way of relief, plaintiff purports to be seeking monetary damages as well
9  as the following injunctive relief: The installation of safeguards around hearing units
10 to prevent future injury; the removal of hazardous chemicals from the kitchen work
11 area; and the installation of properly working ventilation in the kitchen work area.

12     In accordance with 28 U.S.C. § 1915(e)(2), the Court has screened the
13 Complaint prior to ordering service, for purposes of determining whether the action
14 is frivolous or malicious; or fails to state a claim on which relief may be granted; or
15 seeks monetary relief against a defendant who is immune from such relief.

16     The Court's screening of the Complaint under the foregoing statute is governed
17 by the following standards.  A complaint may be dismissed as a matter of law for
18 failure to state a claim for two reasons:  (1) Lack of a cognizable legal theory; or (2)
19 insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,
20 901 F.2d 696, 699 (9th Cir. 1990).  Since plaintiff is appearing pro se, the Court must
21 construe the allegations of the Complaint liberally and must afford plaintiff the benefit
22 of any doubt.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th
23 Cir. 1988).  Moreover, in determining whether a complaint states a claim on which
24 relief may be granted, allegations of material fact are taken as true and construed in
25 the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245
26 (9th Cir. 1989).

27     After careful review and consideration of the Complaint under the relevant
28 standards, the Court finds that its allegations are insufficient to state a claim for

2

1   violation of plaintiff's federal civil rights.  Although the Court is extremely dubious

2   about whether the deficiencies of the Complaint can be overcome, the Court will

3   afford plaintiff the opportunity to attempt to do so.  <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d

4   1446, 1448 (9th Cir. 1987) (holding that a <u>pro se</u> litigant must be given leave to amend

5   his complaint unless it is absolutely clear that the deficiencies of the complaint cannot

6   be cured by amendment).  The Complaint therefore is dismissed with leave to amend.

7

8   **A.   The allegations of the Complaint are insufficient to state a federal civil**

9   **rights claim against a private party defendant such as Hobart.**

10   "The ultimate issue in determining whether a person is subject to suit under §

11   1983 is the same question posed in cases arising under the Fourteenth Amendment:

12   Is the alleged infringement of federal rights fairly attributable to the [government]?"

13   <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982);

14   <u>see also</u> <u>Huffman v. County of Los Angeles</u>, 147 F.3d 1054, 1057 (9th Cir. 1998)

15   (holding that a defendant must have acted "under color of law" to be held liable under

16   § 1983).  Section 1983 "excludes from its reach merely private conduct, no matter

17   how discriminatory or wrong." <u>American Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S.

18   40, 49, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (citations and internal quotations

19   omitted).  In determining whether a private entity is a "state actor," the Ninth Circuit

20   has applied a number of different criteria or tests: (1) Public function; (2) joint action;

21   (3) governmental compulsion or coercion; and (4) governmental nexus.  <u>See</u> <u>Pollard</u>

22   <u>v. The Geo Group, Inc.</u>, 607 F.3d 583, 589-90 (9th Cir. 2010); <u>Kirtley v. Rainey</u>, 326

23   F.3d 1088, 1092 (9th Cir. 2003); <u>Sutton v. Providence St. Joseph Med. Ctr.</u>, 192 F.3d

24   826, 835-36 (9th Cir. 1999); <u>George v. Pacific-CSC Work Furlough</u>,

25   91 F.3d 1227, 1230 (9th Cir. 1996) (citing <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S.

26   922, 939, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982).)  Satisfaction of any one of these

27   tests is sufficient to find state action.  <u>See</u> <u>Kirtley</u>, 326 F.3d at 1092; <u>Lee v. Katz</u>, 276

28   F.3d 550, 554 (9th Cir. 2002); <u>Arena Corp. v. Lee</u>, 536 U.S. 905 (2002).  Plaintiff here

has failed to satisfy any of these tests with respect to Hobart.  Under the public function test, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations."  Evans v. Newton, 382 U.S. 296, 299, 86 S. Ct. 486, 15 L. Ed. 2d 373 (1966).  The "function" at issue must be both traditionally and exclusively governmental.  See Rendell-Baker, 457 U.S. at 842 (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 353, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974).  A private entity may be a state actor for some purposes and not a state actor for others.  See George, 91 F.3d at 1230.  Here, there is no allegation that Hobart was "endowed by the State with powers or functions governmental in nature[,]"  Evans, 382 U.S. at 299; see also Pollard, 607 F.3d at 590.  Providing kitchen or cooking equipment is not traditionally and exclusively a governmental function.  Thus, plaintiff has not satisfied the public function test.  Under the joint action test, "[p]rivate persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute."  Lugar, 457 U.S. at 941 (quoting United States v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966).  The question is whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity."  Kirtley, 326 F.3d at 1093 (internal citations, brackets, and quotation marks omitted).  Here, there is no allegation that Hobart's alleged provision of kitchen or cooking equipment was part of any "joint action" with the state.  Indeed, it would appear Hobart merely provided the equipment to the facility.  Thus, plaintiff has not satisfied the joint action test.  The government compulsion or coercion test considers whether "the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action."  Id. at 1094 (citing Sutton, 192 F.3d at 836-37).  "[A] private entity acts as the state when some state law or custom requires a certain course of action."  George, 91 F.3d at 1232 (citing Gorenc v. Salt River Project Agricultural Improvement & Power

Dist., 869 F.2d 503, 508 (9th Cir. 1989).  Here, plaintiff cannot meet the government compulsion or coercion test for the same reasons discussed above: Plaintiff has failed to allege that Hobart provided the kitchen equipment at the encouragement of the state or pursuant to state law or custom.

Finally, under the nexus approach, "an ostensibly private organization or individual's action may be treated as the government's action 'if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'"  Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 747 (9th Cir. 2003) (quoting Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 121 S. Ct. 924, 295 L. Ed 2d 807 (2000); see also Gorenc, 869 F.3d at 506.  Plaintiff, again, has failed to allege that Hobart's actions in (apparently) providing kitchen or cooking equipment to the state was the result of such a close nexus to the state that its behavior could be treated as that of the state.  Simply because Hobart is alleged to have provided kitchen or cooking equipment to the institution where plaintiff is incarcerated does not make it a state actor for purposes of § 1983 liability.

************

If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint within 30 days of the date of this Order, remedying the deficiencies discussed above.  The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint or any other pleading, attachment or document.  The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form, which plaintiff will need to completely fill out and resubmit.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that the action be dismissed with**

1  **prejudice on the grounds set forth above and for failure to diligently prosecute.**

2

3  DATED: August 26, 2010

4

5  _____

6  DAVID T. BRISTOW
   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

_____
FULL NAME

_____
COMMITTED NAME (if different)

_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

_____

_____
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PLAINTIFF,<br><br>v.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>_____<br>*To be supplied by the Clerk*<br><br>**CIVIL RIGHTS COMPLAINT**<br>**PURSUANT TO** *(Check one)*<br>☐ 42 U.S.C. § 1983<br>☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes    ☐ No

2.  If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a.  Parties to this previous lawsuit:
    Plaintiff _____

    _____

    Defendants _____

    _____

b.  Court _____

    _____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it

    appealed?  Is it still pending?) _____

f.  Issues raised: _____

    _____

    _____

g.  Approximate date of filing lawsuit: _____

h.  Approximate date of disposition _____


## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
    occurred?  ☐ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

    If your answer is no, explain why not _____

    _____

    _____

3.  Is the grievance procedure completed?  ☐ Yes    ☐ No

    If your answer is no, explain why not _____

    _____

4.  Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff _____
                                                                (print plaintiff's name)

who presently resides at _____,
                                            (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
                (institution/city where violation occurred)

on (date or dates) _____, _____, _____.
          (Claim I)              (Claim II)              (Claim III)

**NOTE**:     You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant _____ resides or works at
                 (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

2.  Defendant _____ resides or works at
                 (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

3.  Defendant _____ resides or works at
                 (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both):  ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

4.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
    (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

**CIVIL RIGHTS COMPLAINT**

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without

citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each

DEFENDANT (by name) did to violate your right.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


_If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline._

**E.  REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____    _____
       *(Date)*                          *(Signature of Plaintiff)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### INSTRUCTIONS FOR FILING A CIVIL RIGHTS COMPLAINT BY A PRISONER - GENERAL INSTRUCTIONS

This package includes the following documents:

        4 copies - complaint form
        4 copies - declaration to proceed without prepayment of filing fees

In order for your complaint to be filed, you must submit the original and two copies of **both** the complaint and declaration to the Clerk. The remaining copy of each is for you to keep for your records. Your complaint must be typewritten or legibly handwritten in ink. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you must use the reverse side of the form or an additional blank page. You must file a separate complaint for each claim unless they are all related to the same incident or issue. You are required to allege facts; not legal arguments or authorities.

## FILING FEES

**Payment of filing fee required**

In accordance with 1996 amendments to the in forma pauperis statute, 28 U.S.C. § 1915, as a prisoner you will be obligated to pay the full filing fee of $350 for a civil action regardless of your forma pauperis status and the disposition of the case. If you have the money to pay the filing fee, you should submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major America bank or the United States Postal Service, payable to the *Clerk of Court* and mail it with your complaint to the address listed on the reverse side of these instructions. The Clerk's Office will also accept credit cards (Mastercard/Visa, Discover, American Express) for filing fees and miscellaneous fees. Credit card payments may be made at all payment windows where receipts are issued.

**Request to pay filing fee in monthly installments**

If you do not have the money to pay the full filing fee, you must complete the Request to Proceed Without Prepayment of Filing Fees with Declaration in Support. The Declaration must be returned to the Court with your complaint. **NOTE: You must have a prison or jail official complete the Certification Section on the Declaration and attach to the Declaration a certified copy of your prison or jail trust account statement for the six months immediately preceding the filing of the complaint. If you submit an incomplete Declaration or do not submit a prison or jail trust account statement with the Declaration, your request to proceed without prepayment of the filing fees may be denied.**

**Initial partial filing fee assessment**

If your request to proceed without prepayment of filing fees is granted, the Court will assess an initial partial filing fee at the time your action is filed. The initial partial filing fee will be equal to 20% of the average monthly deposits to your prison or jail account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in your prison or jail account for that same six month period, whichever is greater. The Court will order the agency that has custody of you to take that initial partial filing fee out of your prison or jail account as soon as funds are available and forward the money to the Clerk of Court.

**Collection of balance of filing fee**

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the amount of the filing fee is paid in full, each month you will owe 20% of your preceding month's income toward the balance. The agency that has custody of you will collect that money and send payments to the Clerk of Court any time the amount in your account exceeds $10.00.

## DISMISSAL OF THE COMPLAINT

Regardless of whether some or all of the filing fee has been paid, the Court is required to screen your complaint and to dismiss the complaint if: 1) your allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) your complaint does not state a claim on which relief can be granted; or 4) you sue a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals while you are a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from bringing any other actions in forma pauperis unless you are in imminent danger of serious physical injury.  **NOTE:  You are required under penalties of perjury to provide accurate information regarding previous filings.  Failure to provide this information may result in the immediate dismissal of your complaint.**

## JURISDICTION

To determine whether jurisdiction and venue are proper in this Court:

- **AGAINST FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(e) and  Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 397 (1971);

- **AGAINST NON-FEDERAL DEFENDANTS**, please refer to 28 U.S.C. § 1391(b) for claims brought pursuant to 42 U.S.C. § 1983.

## SERVICE OF THE COMPLAINT

If your request to proceed without prepayment of the filing fees is approved, the Court will determine whether the United States Marshal should serve the defendant(s) on your behalf.

## INQUIRIES AND COPYING REQUESTS

Because of the large volume of cases filed by prisoners in this Court and limited court resources, the Court and Clerk's Office will not answer inquires concerning the status of your case or provide copies of documents, except at a charge of fifty cents ($0.50) per page.  You must therefore keep copies of all documents submitted to the court for your own records.

## TO MAIL THE COMPLAINT

Mail the original and the two copies of the following completed documents to the address below: complaint and declaration to proceed without prepayment of filing fees (if applicable):

United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, California  90012

ATTENTION: PRO SE CLERK

Telephone:  (213) 894-7984